HYMAN SCHMERLER, Appellant, v. SIGMUND W. BARASCH, Respondent.

(Supreme Court, Appellate Term, May, 1909.)

Carriers — Carriage of goods — Actions against carriers — Action by consignor.

Evidence — Admissions — Admissions by representatives — Servants. .

> An action may be maintained by the consignor of a watch against a carrier to recover for its loss, where it appears that the consignor was sending the watch to his father as a gift, as it will be inferred that he intended to retain title until its safe delivery to the consignee.

> A person in charge of the store or place of business of one engaged in the business of a carrier, and who transacts business with those who go there for that purpose, is to be deemed the agent of the carrier; and the statements of such agent, made in the course of his business and within the apparent scope of his authority and relating to the loss of goods consigned to the carrier, are admissible in an action brought against the carrier for their loss.

APPEAL by the plaintiff from a judgment dismissing the complaint, rendered in the Municipal Court of the city of New York, second district, borough of Manhattan.

Barnett E. Kopelman, for appellant.

Feltenstein & Rosenstein, for respondent.

*Per Curiam.* This is an appeal from a judgment dismissing the complaint. Plaintiff testified that he delivered a watch and chain to defendant's agent for shipment to Europe. One dollar was paid for shipment and one dollar and twenty cents for insurance at the agreed value of sixty dollars, for which sums plaintiff was given a receipt. It would appear that the watch was never delivered; and, after waiting several months at the request of defendant's agent, plaintiff brought suit. Upon the former trial of this case, the complaint was dismissed, which judgment was reversed by this court and a new trial ordered. At that time this

court said: "Upon this appeal not only is the plaintiff's evidence entitled to belief, but also to such favorable inferences as may reasonably be drawn therefrom." The facts presented on this appeal differ somewhat from the one previous. It is contended that plaintiff is not the proper party to bring suit, but that it should be brought by the father in Europe, who was the consignee. It was proved conclusively that plaintiff insured the watch which he was sending to his father as a gift. From that fact it requires no distortion of legal principles to infer that he intended to retain title until its safe delivery to the consignee. Nowhere does it appear that the plaintiff effected insurance for the consignee, nor would a man of his type be even suspected of entertaining any such legally altruistic thought. His whole thought was of his own interest, and there can be no reasonable question of his capacity to sue. Defendant also endeavored to avoid the effect of his agent's admissions, made in the course of his regular business and within the apparent scope of his authority. From the testimony it would appear that defendant's agent, Bickel, was the only one in charge of the store and the only one plaintiff had any dealings with. Defendant clearly held him out to the world as his agent for the purpose of conducting his regular business of " Banking, Passage and Exchange," to quote his letter-head; and, if he is to reap the fruits of his agency, it is but just to impose upon defendant the corresponding obligations. In the somewhat similar case of McCotter v. Hooker, 8 N. Y. 497, 503, Mr. Justice Gardiner said: " I think that the declaration of the agent in relation to property entrusted to him in the usual course of business, as to the reasons of the delay in the transportation, and even as to the contract made with him in reference to the carriage, admissible, as a part of the *res gestæ* of the particular agency." Fein v. Weir, 129 App. Div. 299, 310. It was error of the trial justice to strike out the statements of defendant's agent as to the loss of the watch. In a case of this character, where the rights of the parties are apparent, technicalities should not be permitted to override true justice. This remark also applies to defendant's suggestion that this action is brought in conversion

and that no amendment has been asked.   Defendant failed to move for a dismissal on that ground.

We are of opinion that the trial justice erred in his ruling and that the judgment must be reversed.

Present: GILDERSLEEVE, DAYTON and GOFF, JJ.

Judgment reversed and new trial ordered, with costs to appellant to abide event.